Filed 11/24/25  P. v. Smith CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B338262 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA518805) |
| v. | |
| AHJANAE SMITH, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Ahjanae Smith (defendant) appeals the order denying her motion for mental health diversion (Pen. Code,[1] § 1001.36).  Her appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues; we notified defendant of her counsel's brief and gave her leave to file, within 30 days, her own brief or letter stating any grounds or argument she might wish to have considered.

---

[1]     Unless otherwise designated, all further statutory references are to the Penal Code.

Defendant filed no such brief or letter. We have reviewed the record and, finding no error, we affirm.

## BACKGROUND

On March 1, 2024, an information was filed charging defendant in count 1 with grand theft (§ 487, subd. (a)) and in count 2 receiving stolen property (§ 496, subd. (a)). In count 1, it was further alleged defendant committed the offense while she was out of custody on bail or on her own recognizance within the meaning of section 12022.1. It was further alleged defendant suffered a prior strike, within the meaning of the "Three Strikes" law, and served a prior prison term under section 1170, subdivision (h).

On April 8, 2024, defendant filed a motion for mental health diversion, pursuant to section 1001.36, along with a diversion report by the psychologist who evaluated her. The psychologist opined defendant "me[t] criteria for treatment in the community."

In her motion, defendant argued: (1) she "has been diagnosed with an unspecified mood disorder, stimulant use disorder, opioid use disorder, alcohol use disorder, and cannabis use disorder"; (2) the "disorders were a significant factor in the commission of the charged offenses"; and (3) the evaluating doctor "opines that [defendant's] symptoms of her mental disorders that motivated her behavior in this case would respond to mental health treatment." Furthermore, defendant agreed to consent to diversion, waive her right to a speedy trial, and comply with treatment. Finally, she asserted she was "not charged with a disqualifying offense" and would "not pose any significant risk of danger to public safety if treated in the community."

On April 19, 2024, the People filed a written opposition to defendant's motion. The People argued diversion was not appropriate because: (1) at the time defendant's case was filed, defendant had four pending cases involving similar activity; (2) the probation report indicated "defendant was believed responsible for 44 Rite Aid thefts totaling $39,000 in total loss";

2

(3) her offense "was clearly planned and required a certain level of sophistication"; and (4) defendant was "legally ineligible for probation." The People contested defendant's mental health diagnoses because they were based on records not provided to the People and "substantially . . . based on self-serving statements" by defendant.

The People argued her offenses were not drug motivated; thus, the presumption that there is a nexus between defendant's diagnoses and the offenses was rebutted because there was no evidence defendant committed the thefts "to get Percocet" as defendant told the psychologist. To the contrary, the People noted defendant has "never [had] a drug charge or an incident where she was arrested and found to be under the influence or [have] drugs or drug paraphernalia on her." The People argued defendant's ability "to plan and execute multiple sophisticated thefts on multiple dates from multiple stores," where she brought her own bags and a lookout, point to someone who was not in the throes of addiction. The only time defendant indicated the profits from her thefts were to be used for anything other than material items to support her lifestyle was to the psychologist, when she said it was to buy Percocet.

The People argued defendant was unsuitable because there was "insufficient" evidence to suggest the symptoms motivating defendant's behavior would respond to mental health treatment, and there was "inadequate proof that the defendant w[ould] not pose an unreasonable risk of danger to public safety." The People pointed to: (1) defendant being labeled as "unsuitable for supervision" in multiple probation reports; (2) her prior poor performance on supervision; (3) her unwillingness to comply with court orders such that she had "pick[ed] up numerous bench warrants"; (4) her lying to officers about her identity; and (5) her history of "refusing medication [and] diverting the narcotics to other people."

On April 22, 2024, the court held a hearing on defendant's motion. At the hearing, defense counsel argued the People could not overcome the presumption provided for in section 1001.36,

3

subdivision (b)(2), because there was a nexus between defendant's mental disorders and the charged offenses. Defense counsel also argued defendant was suitable because she "hasn't had an opportunity to really partake in a program that would give her the benefit that this current program [would]."

The People argued the presumption was rebutted. Specifically, the evaluating psychologist "was not made aware of . . . some of the prior physical entries in [defendant's] record," the various theft offenses with which defendant was charged required a high degree of planning and sophistication, and defendant's history of manipulation all demonstrated there was no nexus between the offenses and defendant's substance abuse and mood disorders as described in the psychologist's report.

The court found the presumption was rebutted by clear and convincing evidence. The court discussed defendant's psychological report and noted it appeared as though defendant was not "elicit[ing] a need for mental health treatment, but that [she was] saying whatever was necessary to convince the doctor" and "manipulate the process to get what [she] wanted." The court found there was not a "nexus or connection between the underlying diagnosis . . . and the [theft-related] incidents" especially given "the level of planning, sophistication, and amount of items that were taken," and her lack of any history of drug offenses or being found to carry narcotics during her arrests. Thus, finding defendant ineligible, the court denied defendant's request for diversion.

On May 8, 2024, defendant entered a plea of nolo contendre to count 1 and was sentenced to the midterm of two years in state prison to run concurrent with her three other cases. Count 2 was dismissed as a part of the plea agreement.

The trial court granted a request for a certificate of probable cause. (§ 1237.5; see *People v. Robinson* (2024) 100 Cal.App.5th 133, 136.) Defendant filed a timely notice of appeal from the order of denial.

4

## DISCUSSION

### I.    Applicable law and standard of review

"[M]ental health diversion requires trial court findings that the defendant is both *eligible* for diversion and *suitable* for the program. The criteria for each are specified in the statute. (§ 1001.36, subds. (b) & (c).) Defendants are eligible if they have been diagnosed with a recognized mental disorder that was a significant factor in the commission of the criminal offense with which they are charged. (*Id.*, subd. (b).)" (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 891 (*Sarmiento*).) "[T]he . . . statute creates a presumption that the defendant's diagnosed mental disorder was a significant factor in the commission of the charged crime. The court is directed to find a causal connection 'unless there is clear and convincing evidence that [the mental disorder] was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense.' ([§ 1001.36,] subd. (b)(2).)" (*Ibid.*)

We review a trial court's ruling on a motion for mental health diversion for abuse of discretion, and its related factual findings for substantial evidence. (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.) "A trial court has 'broad discretion to determine whether a given defendant is a good candidate for mental health diversion.'" (*Ibid.*) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence." (*People v. Moine* (2021) 62 Cal.App.5th 440, 449.)

### II.    Analysis

Here, the court found defendant was not eligible for diversion. The trial court supplied two grounds for its decision: first, defendant appeared to be manipulating the psychological evaluation "to get what [she] wanted"; and second, the court found no "nexus or connection between the underlying diagnosis [of stimulant use disorders] . . . and the [theft-related] incidents" because of the high degree of planning and sophistication

5

required along with the "absence of any drug offenses in [defendant's] criminal history."

Thus, the court found, "the presumption [of eligibility was] overcome by clear and convincing evidence that . . . there is not a nexus to the commission of the crimes and . . . her diagnosis." Related to her diagnosis of various drug use disorders, the court noted "the only evidence that was provided [for] the medical report were some statements [by defendant]," and the court pointed to incidents while defendant was at Folsom State Prison where she was "given medicine and didn't take it and then would give it to other inmates." The court found the behavior was similar to the type of sophisticated "behavior she demonstrated in the [instant] case."

We find the court's ruling was based on factual findings supported by substantial evidence. (See *People v. Whitmill, supra,* 86 Cal.App.5th at p. 1147.) The court's decision was not arbitrary, used the proper legal standard, and was based on the facts presented in the record. (See *People v. Moine, supra,* 62 Cal.App.5th at p. 449.) As such, the court did not err in denying defendant's motion for pretrial diversion.[2]

### DISPOSITION

The judgment is affirmed.

LUI, P. J.              CHAVEZ, J.              RICHARDSON, J.

---

[2] Because the statute requires a finding defendant is both eligible *and* suitable, a proper finding of ineligibility is determinative and does not require a finding on suitability. (See *Sarmiento, supra,* 98 Cal.App.5th at p. 891.)

6